UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JERALD GUILLORY SR**           **CASE NO.  2:19-CV-00820**

**VERSUS**                        **JUDGE JAMES D. CAIN, JR.**

**HOBBY LOBBY STORES INC ET AL**  **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Failure to Prosecute" (Doc. 41) filed by Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") wherein Defendant moves to dismiss the instant lawsuit because Plaintiff, Jerald Guillory Sr. has failed to prosecute or follow the Court's orders.

### BACKGROUND

Plaintiff was involved in an automobile accident with a vehicle allegedly owned by Hobby Lobby.  Plaintiff alleges that the accident caused him injury. Plaintiff was initially represented by counsel. In January 29, 2020, Plaintiff was granted a motion to substitute attorney.[1] On February 4, 2021, the substituted attorney filed a motion to withdraw.[2] Because the motion failed to provide Plaintiff's address, it was marked deficient.[3]

After the deficiency was corrected, the Magistrate Judge set a hearing in which Plaintiff and Plaintiff's counsel were required to participate.[4] Plaintiff's counsel provided

---

[1] Doc. 17.
[2] Doc. 31.
[3] Id., and Doc. 32.
[4] Doc. 35.

evidence that Plaintiff was in fact contacted as to the hearing on the Motion to Withdraw.[5] The Court held the hearing, but Plaintiff failed to participate. Ultimately, the Court granted the Motion to Withdraw, and ordered Plaintiff to make contact with defense counsel.[6]

Defense counsel filed into the record evidence that by certified mail and email, Mr. Guillory was provided a copy of the Magistrate Judge's Order which required Plaintiff to contact defense counsel, and for Plaintiff to participate in a scheduling conference. The Order further informed Plaintiff that failure to comply with the Court's Order would be a direct violation that could potentially lead to a Report and Recommendation that would recommend dismissal of the lawsuit for failure to follow the Court's Orders and failure to prosecute.[7]

On June 3, 2021, the Magistrate Judge held the Scheduling Conference and set the trial for July 18, 2022. Plaintiff failed to participate.[8] During the scheduling conference defense counsel voiced concerns about arranging depositions of Plaintiff's physicians to prepare for trial. Again, the Magistrate Judge ordered Plaintiff to respond to defense counsel, and warned that if Plaintiff did not respond, defense counsel could file a relevant motion for relief.[9]

On June 7, 2021, defense counsel sent a certified letter to Plaintiff requesting that he provide his availability for the deposition of certain physicians within 30 days.[10]

---

[5] Doc. 36.
[6] Doc. 37.
[7] Doc. 38.
[8] Doc. 39.
[9] Id.
[10] Defendant's exhibit A.

Plaintiff called defense counsel's paralegal in response to the letter,[11] but prematurely ended the phone call and did not provide deposition dates.[12]

On July 16, 2021, Hobby Lobby, through counsel filed the instant Motion to Dismiss.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 16(f) provides that:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(A)   Fails to appear at a scheduling or other pretrial conference;
(B)    Is substantially unprepared to participate—or does not participate in good faith—in the conference; or
(C)   Fails to obey a scheduling or other pretrial order.

Among the sanctions specifically listed by Rule 37(b)(2)(A), is the authorization for the court to issue an order dismissing the action or proceeding in whole or in part. Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to prosecute or comply with the federal rules or court order, the defendant may move to dismiss the action or any claim against it. The authority for dismissal is based on the court's power to manage and administer its own affairs and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,*975 F.2d 1188, 1191 (5th Cir. 1992).

Where the Fifth Circuit has affirmed the dismissal of an action with prejudice, it has found one or more of the following aggravating factors: (1) delay attributable to the

---

[11] Defendant's exhibit C.
[12] Id.

plaintiff, not his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Bryson v. United States,* 553 F.3d 402, 404 (5th Cir. 2008).

Plaintiff has terminated two different attorneys. Plaintiff has failed to comply with orders of this Court and has failed to cooperate with the Court and defense counsel. Plaintiff has been warned on more than one occasion of the consequences of his blatant refusal to comply with the Court's orders and failure to cooperate with the discovery process. Furthermore, Plaintiff has failed to respond to the instant Motion to Dismiss. The Court finds that Plaintiff is solely at fault for any delay in proceeding with this matter, and Hobby Lobby is being severely prejudiced in its ability to provide a defense which requires that this matter be dismissed with prejudice.

## **CONCLUSION**

Due to Plaintiff's blatant disregard for this Court's Orders and judicial process, the Court will dismiss Plaintiff's lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of September, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**